IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

FRANK JULIUS SKAGGS,
    Petitioner,

vs.                                      Case No. 3:12cv34/RV/CJK

DAVID MORGAN,
    Respondent.

ORDER and
REPORT AND RECOMMENDATION

    This cause is before the Court upon petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2). Good cause having been shown, leave to proceed *in forma pauperis* will be granted. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that petitioner is not entitled to relief in this habeas corpus proceeding.

BACKGROUND AND PROCEDURAL HISTORY

    Petitioner, a state pretrial detainee confined at the Escambia County Jail in Pensacola, Florida, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, claiming his confinement in the jail is unlawful. Specifically, petitioner claims that the he has been charged in Escambia County Circuit Court Case

No. 2011-CF-004964 with Grand Theft Auto of a vehicle from the State of West Virginia, and that he is "being held without jurisdiction or for allegations in interstate commerce not subject to Florida Statute in violation of illegal arrest, due process, equal protection." (Doc. 1, p. 3). Petitioner further contends that the judge presiding over his state criminal case has denied him access to the courts in violation of his rights to due process and equal protection, because the judge "has refused to review and act on a writ of habeas corpus filed independently and took the separately filed petition for writ of habeas corpus and refused to allow me to represent myself or file the writ." (*Id*., p. 4). Petitioner has attached to his petition relevant portions of the state court record. (Doc. 1, Attach.). As relief, petitioner requests that a show cause order be issued requiring the State to respond within twenty days, and that a writ of habeas corpus issue directing that petitioner be released. (Doc. 1, p. 6).

The pertinent procedural history of this case, which is gleaned from the petition and attached exhibits as well as the electronic docket of the Escambia County Circuit Court,[1] is as follows. On October 18, 2011, petitioner was charged in the Escambia County Circuit Court with Grand Theft Auto. (Doc. 1, Attach., p. 6). Petitioner was appointed a public defender, and entered a plea of not guilty. (*Id*.). On December 7, 2011, petitioner filed a *pro se* demand for speedy trial, a *pro se* motion for *Faretta*[2] hearing or in the alternative for a "one time filing of a motion to dismiss," and a *pro*

---

[1] The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Escambia County Circuit Court, http://www.escambiaclerk.com, viewed this date in *State of Florida v. Frank Julius Skaggs, III*, Case No. 2011-CF-004964. *See* Fed. R. Evid. 201.

[2] In *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975), the United States Supreme Court held that "a defendant in a state criminal trial has a constitutional right to proceed without counsel when he voluntarily and intelligently elects to do so." *Id*. at 807, 95 S. Ct. 2525.

*Case No: 3:12cv34/RV/CJK*

*se* motion for dismiss.  On December 9, 2011, the state trial court ordered that petitioner's *pro se* motions be stricken.  (Doc. 1, Attach. p. 5).  The court's order further provided: "Defendant may, through his attorney, re-file motions which are in compliance with the applicable Florida Statutes and Florida Rules of Criminal Procedures, but it is cautioned that all pro se motions, filed while the Defendant is represented by counsel, are a nullity." (*Id.*).

Review of the state court criminal docket reveals that petitioner filed a *pro se* petition for writ of habeas corpus in the state trial court on December 16, 2011.  Petitioner filed his *pro se* § 2241 petition in this Court on January 18, 2012.  (Doc. 1).  A *Faretta* hearing was held in petitioner's state criminal proceeding on January 23, 2012, during which petitioner indicated his desire to continue to be represented by his public defender.  Petitioner's case is set for jury trial on March 19, 2012.

## DISCUSSION

It is well established that a state pretrial detainee may challenge his confinement as unconstitutional by petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241.  *Dickerson v.. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (holding that pretrial petitions are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him); *see also Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) (noting that though § 2241 is the general habeas corpus statute, any relief solely thereunder is reserved for those instances in which the petitioner is not "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), such as where a pretrial detainee complains that his detention violates the Constitution or laws of the United States).  While a habeas corpus petition under § 2241 is the proper procedural vehicle in this case, the

petitioner is not entitled to relief.

A federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must state a claim that the petitioner is in custody in violation of the Constitution or laws of the United States. *See* 28 U.S.C. § 2241(c)(3). Even assuming that petitioner has properly raised a constitutional challenge to his confinement, entitling him to seek habeas corpus relief pursuant to § 2241, it must be determined whether petitioner is entitled to raise his claim in a federal habeas proceeding at this time.

In order to be eligible for habeas relief, a petitioner must be "in custody," must have exhausted his available state remedies, and must demonstrate that federal interference with his state criminal proceeding is justified. Since petitioner was confined as a pretrial detainee when he filed the instant petition, and is currently confined, petitioner is "in custody" for purposes of § 2241.

When discussing exhaustion in the habeas corpus context, the Court must distinguish between pretrial and post-trial situations. It is only in the post-trial setting that exhaustion is mandated by statute. *Compare* 28 U.S.C. § 2254(b), *with* 28 U.S.C. § 2241(c). The terms of 28 U.S.C. § 2254(b)(1) provide that an application for a writ of habeas corpus may not be granted unless a petitioner has exhausted his state court remedies by presenting his claim to the highest available state court for review. The terms of § 2241(c)(3), which empower district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion.

Despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), a body of case law has developed holding that although § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state

court or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225; *see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-92 (1973) (exhaustion is necessary under § 2241 as well as § 2254); *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004) (exhaustion is required "in all habeas cases," including those brought pursuant to § 2241); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) ("Among the most fundamental common law requirements of section 2241 is that petitioners must first exhaust their state court remedies.") (Tjoflat, concurring). The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See Dickerson*, 816 F.3d at 225; *Braden*, 410 U.S. at 490-91.

In *Braden*, the United States Supreme Court reiterated that absent "special circumstances," a pretrial detainee may not adjudicate the merits of an absolute defense to a state criminal charge before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489. The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Braden*, 410 U.S. at 493. Courts distinguish between a petitioner who seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown v. Estelle*, 530 F.3d 1280, 1283 (5th Cir. 1976).

The record demonstrates that petitioner has not exhausted available state remedies. Although petitioner complained, initially, that the state court failed to consider his *pro se* state habeas petition and "refused to allow [petitioner] to represent [him]self," (doc. 1, p. 4), the state criminal docket reveals that petitioner has since been afforded a *Faretta* hearing and elected to proceed with counsel. Petitioner is not

precluded from re-asserting his constitutional challenges through counsel in a properly filed motion to dismiss or state habeas petition. As indicated, *Braden* does not authorize pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes. *Braden*, 410 U.S. at 493.

Further, under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence are not yet final. *See Younger v. Harris*, 401 U.S. 37 (1971) (holding that federal courts are required to abstain from interfering with pending state proceedings except under certain limited exceptions). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. *Younger v. Harris*, 401 U.S. 37 (1971). There are three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised. *Younger*, 401 U.S. at 45; *Kugler v. Helfant*, 421 U.S. 117, 123-25 (1975). Moreover, this Court is reluctant to interfere in ongoing state criminal proceedings where the petitioner is presently represented by counsel, as is true in this case. Untried state charges may be challenged in extraordinary circumstances under 28 U.S.C. § 2241, but only if one of the narrow exceptions to the *Younger* abstention doctrine is met. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1261-64 (11th Cir. 2004) (discussing *Younger*) (other citations omitted).

Petitioner has not alleged facts showing that his state prosecution is motivated by bad faith, nor has he alleged facts entitling him to review under the "irreparable injury" exception. *See Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck,* 313 U.S.

387, 402 (1941) (finding that irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate."). Further, petitioner fails to show that he has no available state corrective process, and he presents no argument that would warrant federal court interference in the normal functioning of the state's criminal processes. Again, the attachments to petitioner's petition and the state criminal docket establish that petitioner may, through his attorney, re-file his constitutional challenges to his criminal prosecution, and that since the filing of this federal habeas action petitioner has received a *Faretta* hearing and elected to proceed with counsel. Florida's state courts have adequate and effective state procedures for review of petitioner's constitutional claims either before trial or, in the event petitioner is convicted, through appellate and post-conviction proceedings.

## CONCLUSION

It plainly appears from the face of petitioner's habeas petition and exhibits, as well as facts of which the Court may take judicial notice, that the petition should be dismissed because petitioner has not properly exhausted his state court remedies and petitioner has not shown that he should be excused from the exhaustion requirement. Accordingly, pretrial habeas interference by this Court is not authorized in this case.

*See Braden*, 410 U.S. at 493. Alternatively, dismissal of this habeas petition is also warranted because petitioner currently has a state judicial action pending, the pending action implicates important state interests, and the state action is capable of addressing the federal constitutional questions. Thus, the *Younger* abstention doctrine applies and the Court should not interfere in the state's ongoing criminal proceedings by dismissing the charges against petitioner or ordering petitioner's release from custody. Under the circumstances, summary dismissal is appropriate under 28 U.S.C. § 2243.

Accordingly, it is ORDERED:

Petitioner's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

1. That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 1) be DISMISSED without prejudice.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 31st day of January, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:12cv34/RV/CJK*